UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

             Case No.: 13-40001
    ROBERT S. SHUMAKE,              Chapter 7
             Hon. Walter Shapero
        Debtor.

_____/

    DANIEL M. McDERMOTT,

        Plaintiff,                  Adv. No.: 13-04661

v.

    ROBERT S. SHUMAKE,

        Defendant.

_____/

## OPINION IN CONNECTION WITH OBJECTION TO DISMISSAL
## OF ADVERSARY PROCEEDING

Just prior to expiration of the time to file such a proceeding, on June 7, 2013, the United

States Trustee ("UST") filed a Complaint for Denial of Discharge Pursuant to 11 U.S.C.

§ 727(a)(2),(3),(4), and (5).   That Complaint alleged the following as its bases:

1.   Debtor's undisclosed (in his Schedules or Statement of Affairs) interests in, and

activities relating to, a number of entities;

2.   Debtor's undisclosed interests in certain publications authored by him;

3.   Debtor's undisclosed in his Schedules interest in property in the Dominican Republic;

4.   Debtor's lack of documentation relating to (a) bank accounts in Botswana and the

Dominican Republic; (b) life insurance proceeds received in the year prior to the filing; (c)

donations to specified recipients during the year prior to filing; (d) loans to specified recipients during the year prior to filing;

5. Extensive and specified (and not satisfactorily yet responded to) record requests directed to Debtor by the Case Trustee ("Trustee"), which appear to overlap on or include some items referred to, in the foregoing paragraphs; and

6. Failure to explain details and disposition of large investments by the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit, in one or more of Debtor's entities. (There is presently pending before this Court, an action under § 523 brought by said retirement systems and another entity appearing to relate to those investments and transactions.)

Prior to the filing by the UST of its Complaint in this proceeding, there occurred the following filed and obtained at the instance of the Trustee:

1. A motion for an order directing Debtor to produce documents and to appear for a § 2004 examination; the result of which was an Order dated March 26, 2013, requiring production of a list of documents to the extent that such were in the Debtor's possession, and providing by April 1, 2013, a list of individuals and their names, addresses and telephone numbers who Debtor believes are in possession of such, and containing other provisions including appearance of Debtor at a deposition, and extending the § 727 deadline to June 7, 2013.

2. Two orders, one dated April 2, 2013, and one dated April 22, 2013, authorizing the Trustee to issue subpoenas to multiple third parties "to obtain records pertaining to the Debtor's financial affairs." Those subpoenas were in fact issued with what result the record does not clearly indicate.

As noted, the Complaint timely filed by the UST in this § 727 proceeding specifically incorporated as one of the bases thereof the claimed failure of the Debtor to comply with some or all of the discovery requests and orders previously obtained by the Trustee.

The extent to which the Trustee has fully received any or all of the records that were the subjects of the orders the Trustee has obtained and the subpoenas she has issued may yet be contested by Debtor. As noted, the depositions of the Debtor (after an unsuccessful attempt to limit such) were taken long after the commencement of this § 727 proceeding and possibly whatever documents were in fact produced may have been obtained after that date as well. And there may yet be further discovery the Trustee might seek. In the meantime, in this Adversary Proceeding, a Scheduling Order was issued and some discovery undertaken. Then, on January 9, 2014, the UST and Debtor filed a Joint Statement stating that the former has agreed to dismiss the Adversary Proceeding with prejudice, and that there was no other consideration; the Joint Statement being in compliance with LBR 7041-1 (E.D. Mich.) That stipulation was noticed out as that rule and the applicable national rule require and the Trustee filed a timely Objection. That Objection recited the Trustee's aforementioned discovery efforts, the Trustee's assertion that those efforts and orders incident thereto requiring such have not been fully and properly complied with, and a statement that the Trustee deferred filing her own § 727 action after the UST agreed to incorporate those recited efforts and failures in this § 727 action.

Fed.R.Bankr.P. 7041 states that in reference to a § 727 complaint, such shall not be dismissed at the plaintiffs instance without notice "and only on order of the court containing terms and conditions which the court deems proper." The noted local related rule essentially elaborates on it by describing the extent and content of the required notice and procedure, but does not, nor

can it, change the "terms and conditions which the court deems proper" test to be applied to the Objection before the Court.

If the Dismissal were to stand, the argument might be made by the Debtor that any attempt on the part of the Trustee to now file her own separate § 727 action (if that is what further and completed discovery would warrant) would run afoul of the June 7, 2013, deadline that was established for such actions. If successful, that would leave the Trustee without the availability of at least that remedy which is one that goes to the heart and integrity of the bankruptcy process. Also militating against the Dismissal would be (a) the facts that the Trustee's discovery efforts began materially before the commencement of this action and the allegation that Court orders and undertakings in relation thereto have not been fully complied with by the Debtor, and no determination has yet been made whether or not such is the case; and (b) the Trustee states, and it appears to be a fact, that she deferred filing her own timely § 727 proceeding because this one encompassed her very same concerns.

At the hearing on the Objection, the UST candidly observed that were the Dismissal to be considered today as opposed to when it was agreed to, the stipulation might not have been entered into, but that it would be inappropriate for that office to now advocate for undoing what it at the time freely entered into.

That said, however, the very existence of the cited applicable rule is premised on the possibility that other parties in interest in the might see the matter of a Dismissal differently and be prejudiced by a Dismissal. This is a potentially complex and difficult case with many facets and possibilities. But at its heart is the ability of the Trustee to seek and obtain the facts, documentation, and information with which to carry out her responsibilities as Trustee. To approve the Dismissal in this case would be to seriously and impermissibly undercut that ability and mandate. That specifically means that the "proper" terms and conditions in this situation are

that (1) the Court will not approve the Dismissal, at least for now; (2) the Court will entertain either or both (a) a motion by the Trustee to intervene as a party plaintiff as a substitute for the UST, and/or (b) a motion under Fed.R.Bankr.P 4004(b)(2), with either or both of same to be filed within 30 days from the date of entry of the order pursuant to this Opinion, and either or both being subject to any appropriate objections made by the Debtor; (3) further review and final decision on the Dismissal is deferred pending disposition by the Court of such actions, if any, timely undertaken by the Trustee.

.

**Signed on April 29, 2014**

                                        **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**