UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                              In Bankruptcy

**ROBERT S. SHUMAKE**,                   Case No. 13-40001-wsd
                                                        Chapter 7
                                                        Hon. Walter Shapero

       Debtor(s).
_____/

**DANIEL M. McDERMOTT, UNITED STATES TRUSTEE,**

Plaintiff

v.                                                           Case No. 13-04661-wsd
                                                           Hon. Walter Shapero

**ROBERT S. SHUMAKE,**

       Defendants.
_____/

### MOTION TO SUBSTITUTE K. JIN LIM, TRUSTEE, FOR DANIEL M. McDERMOTT, UNITED STATES TRUSTEE AS PLAINTIFF IN ADVERSARY PROCEEDING AND MOTION TO AMEND COMPLAINT

K. Jin Lim, Trustee by her attorneys, Schneider Miller, PC states as follows:

1.       The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). A proposed Order and Brief in Support are attached.

2.       The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 1, 2013, Case No. 13-40001-wsd, Eastern District of Micihgan.

3.       K. Jin Lim is the duly appointed Trustee in the underlying bankruptcy matter.

4. On June 7, 2013, the United States Trustee filed this adversary proceeding, seeking denial of the Debtor-Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4) and (a)(5).

5. Among the United States Trustee's current allegations against the Defendant, the United State Trustee alleges that the Defendant has failed to provide requested information about his financial affairs, which would otherwise allow the case trustee and movant to complete her duties under 11 U.S.C. § 704 – including the potential to find and recover assets for the benefit of the Defendant's creditors.

6. The underlying bankruptcy proceeding has recovered some assets and has otherwise identified possible assets for recovery by the bankruptcy estate nonetheless, the Debtor's failure to produce substantial documents for which he has a duty to preserve has hindered and delayed the Trustee's ability to complete a full investigation of the Debtor's financial affairs and which may facilitate identification of assets not yet ascertained. Moreover the information obtained that has led the Trustee to identify some assets did not derive from the Debtor's efforts to produce records but rather from the estate's exhaustive efforts to acquire records from third parties.

7. On January 9, 2014, the United States Trustee filed its Joint Statement for Dismissal of this Adversary Proceeding.

8. The Trustee objected to dismissal for the reason that the Defendant has failed to cure a substantial number of the records and accounting deficiencies outlined in the complaint filed in this adversary proceeding.

9. Information contained in the missing records may allow the estate to recover and administer additional assets for the benefit of creditors.

10. On April 10, 2014 a hearing was held by the court on the issue of whether this adversary proceeding should be dismissed.

11. On April 29, 2014, the court entered an opinion and order whereby the court afforded the Trustee an opportunity to substitute in as counsel or to permit the Trustee to request relief to file a new complaint pursuant to Bankr. R. 4004(b).

12. For the reason that Counts II, III and IV remain applicable and for the reason that additional information has been discovered during the course of the bankruptcy matter, the Trustee seeks authority of this court to substitute as counsel for the counts that are still not cured by the Debtor and to amend the underlying complaint to add additional counts for information discovered during the course of the Trustee's investigation.

13. In particular, the Debtor stated under oath in his Statement of Financial Affairs that he collected $300,000.00 in life insurance proceeds as income in 2012. The

Debtor did not produce any information regarding the disposition of the proceeds. The Trustee ultimately discovered through third party subpoenas that the insurance proceeds were deposited in an account owned by Second Life, LLC. Records reflect that the Debtor holds the majority membership interest in Second Life, LLC which is now property of the bankruptcy estate. The Trustee wishes to amend the pending complaint to seek denial of the Debtor's discharge for fraudulent transfer of the subject life insurance proceeds to a company called Second Life, LLC and subsequent transfers to multiple third parties which the Debtor failed to disclose.

14. The Trustee further seeks to amend the pending complaint to seek denial of the Debtor's discharge for failure to turn over estate property where he received loan repayments of $18,800.00 post-petition for loans made to a third party from the insurance proceeds and for which records acquired from third parties show payment was made directly to the Debtor post-petition. Payments were made on March, 29, 2013, May 29, 2013 and June 28, 2013 respectively. The Trustee discovered these post-petition loan repayments on or about April 17, 2014 and requested the Debtor to turn over the proceeds and the Debtor has failed to complete turnover.

15. The Trustee also seeks to amend the complaint to seek monetary relief for the $18,800.00 and treble damages for conversion of estate property pursuant to Michigan law remedies for conversion.

16. The Trustee seeks to amend the complaint to seek denial of discharge for false oaths or accounts where the Debtor listed his interest in Second Life, LLC and indicated in the SOFA that the company never operated however the Debtor's testimony reflects that the company paid out hundreds of thousands of dollars in supposed consulting fees, contractor fees and other fees for which the Debtor has failed to adequately explain or provide supporting documentation to explain why such payments were made.

17. The information discovered for which the Trustee wishes to amend the complaint for denial of discharge was all discovered after June 7, 2013 which was the deadline for filing a complaint to object to the Debtor's discharge.

18. Under the facts and circumstances of this particular case, K. Jin Lim, Trustee, is willing to step into the shoes of the United States Trustee for purposes of this adversary proceeding, and be substituted as Plaintiff of record in opposing the Defendant's discharge and seeking further relief.

19. The United States Trustee through its counsel Sean Cowley consents to the substitution of the Trustee for the United States Trustee as Plaintiff in this adversary proceeding.

20. As a result of the need to amend the complaint and the delay in prosecution of the adversary proceeding as a result of the contested dismissal of this

lawsuit, the Trustee requests and extension of the dates and deadlines set forth in the parties' Rule 26(f) report, and an opportunity for a new Rule 26(f) status conference to be scheduled after the Trustee files her amended complaint.

21. Pursuant to E.D. Mich. L.R. 7.1, the Trustee requested consent of Defendant to the substitution of Mr. McDermott as Plaintiff in this adversary proceeding. An email requesting same was directed to counsel for the Defendant on May 27, 2014 and the Defendant has affirmatively declined to consent to such relief. As of the time this motion was filed, no response or consent to the requested relief has been received from counsel for the Defendant.

22. For the reasons included in the attached Brief in support, this Court should grant the motion to substitute K. Jin Lim, Trustee as Plaintiff in this adversary proceeding.

**WHEREFORE**, the Trustee respectfully requests the entry of an order substituting, K. Jin Lim, Trustee for Daniel M. McDermott, United States Trustee as the Plaintiff in this adversary proceeding and to allow the Trustee to amend the complaint to add additional counts to the lawsuit.

DATE: May 29, 2014        /s/Kimberly Ross Clayson
                          Kimberly Ross Clayson (P69804)
                          Attorney for the Trustee
                          Schneider Miller, P.C.
                          645 Griswold, Suite 3900
                          Detroit, MI  48226
                          (313) 237-0850
                          kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                          In Bankruptcy

**ROBERT S. SHUMAKE**,                 Case No. 13-40001-wsd
                                                            Chapter 7
                                                            Hon. Walter Shapero

       Debtor(s).
_____/

**DANIEL M. McDERMOTT, UNITED STATES TRUSTEE,**

Plaintiff

v.                                                             Case No. 13-04661-wsd
                                                            Hon. Walter Shapero

**ROBERT S. SHUMAKE,**

       Defendants.
_____/

**ORDER SUBSTITUTING K. JIN LIM, TRUSTEE, FOR DANIEL M. McDERMOTT, UNITED STATES TRUSTEE AS PLAINTIFF IN ADVERSARY PROCEEDING AND AUTHORIZING THE SUBSTITUTED PLAINTIFF TO AMEND THE COMPLAINT**

**THIS MATTER** came before the Court upon the United States Trustee's Motion to Substitute K. Jin Lim, Trustee for Daniel M. McDermott, United States Trustee as Plaintiff in this Adversary Proceeding. All parties in interest have received notice of this Motion and the Court is otherwise fully advised in this matter.

**IT IS ORDERED** that K. Jin Lim, Trustee, is **SUBSTITUTED** for Daniel M. McDermott, United States Trustee as Plaintiff in this adversary proceeding.

**IT IS FURTHER ORDERED** that K. Jin Lim, Trustee is hereby authorized to amend the original complaint to add additional counts and the same shall be filed with the court within 30 days of entry of this order.

7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:　　　　　　　　　　　　　　　In Bankruptcy

**ROBERT S. SHUMAKE**,　　　　　　　　　　　Case No. 13-40001-wsd
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero

　　　Debtor(s).
_____/
**DANIEL M. McDERMOTT, UNITED STATES TRUSTEE,**

Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　Case No. 13-04661-wsd
　　　　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero

**ROBERT S. SHUMAKE,**

　　　Defendants.
_____/

**NOTICE OF MOTION TO SUBSTITUTE K. JIN LIM, TRUSTEE FOR DANIEL M. McDERMOTT, UNITED STATES TRUSTEE AS PLAINTIFF IN ADVERSARY PROCEEDING AND MOTION TO AMEND COMPLAINT**

　　　The K. Jin Lim, Trustee has filed papers with the court to substitute in place of the United States Trustee as Plaintiff in the above-captioned adversary proceeding and to amend the underlying complaint.

　　　**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

　　　If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

　　　1.　File with the court a written response or an answer, explaining your position at:[1]

U.S. Bankruptcy Court
211 West Fort Street
Detroit, MI 48226

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

8

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

>Kimberly Ross Clayson
>645 Griswold, Suite 3900
>Detroit, MI 48226

2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

DATE: May 29, 2014                    /s/Kimberly Ross Clayson
                                             Kimberly Ross Clayson (P69804)
                                             Attorney for the Trustee
                                             Schneider Miller, P.C.
                                             645 Griswold, Suite 3900
                                             Detroit, MI  48226
                                             (313) 237-0850
                                             kclayson@schneidermiller.com

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **ROBERT S. SHUMAKE**, | Case No. 13-40001-wsd<br>Chapter 7<br>Hon. Walter Shapero |
| Debtor(s).<br>_____/ | |
| **DANIEL M. McDERMOTT, UNITED STATES TRUSTEE,** | |
| Plaintiff | |
| v. | Case No. 13-04661-wsd<br>Hon. Walter Shapero |
| **ROBERT S. SHUMAKE,** | |
| Defendants.<br>_____/ | |

**BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE K. JIN LIM, TRUSTEE, FOR DANIEL M. McDERMOTT, UNITED STATES TRUSTEE AS PLAINTIFF IN ADVERSARY PROCEEDING AND MOTION TO AMEND COMPLAINT**

**Substitution of Counsel**

Robert Shumake, a Chapter 7 debtor, largely ignored the discovery requests of the Chapter 7 Trustee appointed to oversee his bankruptcy estate, K. Jin Lim. As a result, the Trustee coordinated efforts with the United States Trustee to oppose Mr. Shumake's discharge under 11 U.S.C. § 704. The United States Trustee complied with that requirement, and on June 7, 2013 filed this adversary proceeding under 11 U.S.C. § 727.

The United States Trustee prosecuted this adversary proceeding however it had made a determination not to continue pursuit of several claims related to undisclosed assets. No resolution or cure had been made for the Debtor's failure to produce records

but the United States Trustee sought to dismiss the adversary proceeding. Since some assets have been discovered and additional deficiencies have come to light in the Debtor's schedules, the Trustee opposed dismissal of the adversary proceeding. After the court heard the Trustee's objections to dismissal, the court ruled that the Trustee may file a motion to substitute counsel or seek to file a new complaint pursuant to Bankr. R. 4004(b). The Trustee decided to seek substitution and to amend the lawsuit to add additional counts to the current lawsuit.

Substitution of counsel in actions under 11 U.S.C. §727 have been held to be generally permissible. In *In re Nicolosi*, the court recognized that other creditors "can step in the shoes of [the currently-named plaintiff] if [the plaintiff] abandons the proceeding and can substitute themselves as parties-plaintiff." *In re Nicolosi*, 86 B.R. 882, 888 (Bankr. W.D. La. 1988). "In the case at bar no amendment of the complaint is needed. Different creditors simply seek the pursue. . . the same cause of action that was originally timely filed." That is exactly what the Trustee seeks here.

The Fifth Circuit, in a very old case, agrees. In *Mazur v. Hirsch Shoe Co.*, 46 F.2d 973 (5th Cir. 1931), the Fifth Circuit held as follows:

> [W]hile it is plain that the creditors may at any time while the cause is still pending, and before final action is taken on it, decline to go further with their opposition to a discharge, it is also true that in such event any other creditor may, in the discretion of the judge of the court, be allowed to proceed under the specifications already filed by those withdrawing.

*Id.* at 974.

On these facts, the Court should allow K. Jin Lim, Trustee to substitute in as Plaintiff in this adversary proceeding. The Trustee agrees to step into the shoes of the United States Trustee to pursue any claims and defenses that may be asserted in this

adversary proceeding, as required by the case law.

**Amendments to the Complaint**

Pursuant to Bankr. R. 4004(b) the Trustee seeks to amend the underlying complaint in this adversary proceeding to add counts related to financial transactions that were discovered after the time for filing an action pursuant to 11 U.S.C. §727 which include the transfer of hundreds of thousands of dollars by the Debtor to friends and family members within one year of the bankruptcy filing. The transfers were discovered after exhaustive records requests from third parties. The request for amendment also relates to conduct of the Debtor in failing to turn over estate property after the time for objecting to the Debtor's discharge expired.

This court has jurisdiction to permit amendments to a complaint related to the Debtor's conduct in failing to turn over estate property and continually failing to disclose that he had acquired estate property post-petition. 11 U.S.C. §727 "provides for denial of discharge for conduct that occurs 'after the date of the filing of the petition' or 'before determination of denial of discharge under this paragraph', 'during the case,' or sometimes without deadline. It is obvious that the statute provides a penalty for some conduct that could occur after the 60 day deadline but before entry of the discharge." *Cage v. Shankman* (*In re Shankman*), 2009 Bankr. LEXIS 2600, 10, 62 Collier Bankr. Cas. 2d (MB) 574 (Bankr. S.D. Tex. 2009) (Quoting *In re Emery,* 132 F.3d 892 (2nd Cir. 1998), *In re Dietz,* 914 F.2d 161 (9th Cir. 1990)). Here the deadline to object to discharge was extended beyond the 60 day time-period. However, the Debtor's conduct related to failure to turn over estate property occurred during and after the period for which the deadline to object to discharge was extended. Moreover, due to the Debtor's

3

failure to produce records and other delays related to the Debtor's ability to appear and testify pursuant to Bankr. R. 2004 the information was not fully revealed until April of this year.

As it relates to matters discovered after the deadline to object to discharge for the Debtor's prepetition conduct, this court may allow the Trustee to amend the complaint. In addressing this sort of issue and allowing an amendment to a complaint objecting to the Debtor's discharge, *DeAngelis v. Rychalsky* held that "equitable tolling of a statute of limitations is appropriate where one of three conditions is met: '(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action;[or] (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights." *DeAngelis v. Rychalsky* (*In re Rychalsky*), 318 B.R. 61, 64, 2004 Bankr. LEXIS 1811, 7-8 (Bankr. D. Del. 2004) (Quoting *In re Rowland*, 275 B.R. 209, 216 (Bankr. E.D. Pa. 2002). The Debtor's failure to produce records or assist the Trustee in ascertaining information as to the disposition of insurance proceeds that were fraudulently transferred to Second Life, LLC are extraordinary circumstances.

The discovery of the transfer only revealed itself after the Trustee requested recovery of $30,000.00 from Solid Rock Assembly of God disclosed in the Debtor's Statement of Financial Affairs as a gift to the church. This led the Trustee to church's leader, Norflette Shumake – the Debtor's brother. Upon requesting Norflette Shumake to return the gift as a fraudulent transfer to the church, Norflette Shumake revealed that in fact the transfer was probably to the church of the Debtor's other brother, Nerhu Shumake. Upon request to Nerhu Shumake to return the $30,000.00 gift as a fraudulent transfer, he emailed a photograph of a check showing that a check was written to him

for $30,000.00 from Second Life, LLC. From there the Trustee was able to subpoena bank records of Second Life, LLC from Bank of America. Upon receipt of records from Bank of America the Trustee was finally able to uncover hundreds of thousands of dollars of transfers that occurred during 2012. The discovery of these transfers which required following a long trail of misrepresentations and non-disclosures by the Debtor occurred long after the June 7, 2013 deadline to object to discharge had passed.

The Debtor's failure to disclose material information and to mislead the Trustee put the Trustee on a wild goose chase to conduct an accounting of $300,000.00 in cash. The extraordinary circumstances that led to this chase were caused by the Debtor. On these grounds, the Trustee should be permitted to amend the complaint to seek further relief pursuant to 11 U.S.C. §727.

WHEREFORE the Trustee prays for entry of an appropriate order permitting substitution of counsel and to amend the complaint to add additional counts.

DATE: May 29, 2014        /s/Kimberly Ross Clayson
                          Kimberly Ross Clayson (P69804)
                          Attorney for the Trustee
                          Schneider Miller, P.C.
                          645 Griswold, Suite 3900
                          Detroit, MI  48226
                          (313) 237-0850
                          kclayson@schneidermiller.com

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                             In Bankruptcy

**ROBERT S. SHUMAKE**,                             Case No. 13-40001-wsd
                                                                           Chapter 7
                                                                           Hon. Walter Shapero

      Debtor(s).
_____/
**DANIEL M. McDERMOTT, UNITED STATES TRUSTEE,**

Plaintiff

v.                                                               Case No. 13-04661-wsd
                                                              Hon. Walter Shapero

**ROBERT S. SHUMAKE,**

      Defendants.
_____/

## CERTIFICATE OF SERVICE

Re: Trustee's Motion to Substitute as Plaintiff and to Amend Complaint, Proposed Order, Notice, Brief in Support of the Trustee's Motion and Certificate of Service.

      I hereby certify that, on May 29, 2014, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system which will send notification of such filing to the Office of the United States Trustee and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system.

      I hereby certify that, on May 29, 2014, an employee of Schneider Miller, P.C. has mailed copies of the foregoing by United States Postal Service First-Class mail, postage fully prepaid on the following:

Robert Shumake                        Thomas R. Morris
18350 Mack Avenue, Suite 339      Silverman & Morris, P.L.L.C.
Grosse Pointe Farms, MI 48236      30500 Northwestern Highway
                                               Farmington Hills, MI 48334

                                               Sean M. Cowley
                                               US Department of Justice US Trustee's Office
                                               211 W. Fort Street, Suite 700
                                               Detroit, MI 48226

6

Dated: May 29, 2014	/s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Schneider Miller, PC
Attorneys for the Trustee
645 Griswold, Suite 3900
Detroit, MI  48226
(313) 237-0850
kclayson@schneidermiller.com