UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **ROBERT S. SHUMAKE**, | Case No. 13-40001-wsd<br>Chapter 7<br>Hon. Walter Shapero |
| Debtor(s). | |
| _____/ | |
| **K. JIN LIM, TRUSTEE** | |
| Plaintiff | |
| v. | Case No. 13-04661-wsd<br>Hon. Walter Shapero |
| **ROBERT S. SHUMAKE,** | |
| Defendants. | |
| _____/ | |

## FIRST AMENDED COMPLAINT

K. Jin Lim, Trustee, in the Chapter 7 Bankruptcy of Robert S. Shumake, by her attorneys, Schneider Miller P.C., states as follows:

**Jurisdictional Averments**

1. K. Jin Lim is the duly appointed chapter 7 bankruptcy trustee of the Robert S. Shumake bankruptcy estate (the "Debtor") and the Plaintiff in this lawsuit.

2. The Debtor filed his petition for bankruptcy relief on January 1, 2013 and is the Defendant in this Adversary Proceeding.

3. This lawsuit is an action to object to the Debtor's discharge pursuant to 11 U.S.C. §727. (Fed. R. Bankr. P. 7001(4)).

4. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 157(b)(2)(E), (F) and (H).

**Debtor's Schedules and Statements**

5. The Debtor's schedules and statement of financial affairs ("SOFA") reflect the Debtor's interest in at least 7 businesses within the two years preceding his bankruptcy filing.

6. The Debtor's SOFA states his 2012 income was $300,000.00 from life insurance proceeds.

7. The Debtor identified four lawsuits in his SOFA in which he is either a Plaintiff or Defendant. Two of the lawsuits are described as "complex."

8. The Debtor's SOFA indicates that during 2012 he donated $30,000.00 from life insurance proceeds to Solid Rock Assembly of God and he donated $20,000.00 to "recipients were persons who participated in a barbeque for the homeless."

**Debtor's Records Production**

9. The Trustee has requested a number of records from the Debtor pertaining to his financial affairs to address the statements by the Debtor in his bankruptcy papers. Records requested include the following:

- Personal and business financial account records including account statements and ledgers for the period of January 1, 2011 through current (business records to be provided for entities listed on Debtor's Schedule B and Statement of Financial Affairs,
- Personal and business tax returns for 2009 through 2012 tax years,
- 2012 personal and business K-1s, 1099s and W-2s,
- Loan applications completed between January 1, 2008 and now,
- Fifth Third Bank loan application (no matter the date),
- Pleadings and other documents regarding litigation by or against General Retirement System, Deutsche Bank and Pam Kake, LLC,
- Prime Financial, Inc. loan application,
- Records regarding loan by Sal Calvalere loan and disposition of proceeds,

- Records regarding loan by Angelo D'Allessandro and disposition of proceeds,
- Records regarding life insurance account proceeds,
- Records reflecting charitable contributions made from 2010 through the date of an order pursuant to this motion.

10. The Debtor agreed to produce records in his possession and to assist the Trustee to acquire records not in his possession including providing contact names and telephone numbers for individuals who may have possession of certain records.

11. Records and information pertaining to how to recover records were to be produced by April 8, 2013.

12. To date, the Debtor has responded with minimal record production and minimal information regarding individuals who may have certain records.

13. The Debtor's initial response regarding personal bank account records was:

> <u>Personal and business financial records</u>. Mr. Shumake does not have a checking account in the US and does not have a ledger showing his expenditures. Attached is the one bank statement which was available. He does not have possession of bank statements for the companies.

The Trustee's request for bank account records was an unqualified request regardless of the country where the account was held. The Debtor happens to have two foreign bank accounts located in the Dominican Republic and Botswana.

14. On March 20, 2013, the Debtor's response for records pertaining to loans by Sal Calvalere and Angelo D'Allessandro by stating: March 20, 2013 Email: "Mr. Shumake is going to try to track down the records, but is not certain where they are located."

15. As of the date of this Amended Complaint no records pertaining to these loans have been produced and Debtor has failed to provide any contact information for individuals that may have such records.

16. On April 2, 2013, Debtor responded regarding business records of Meek Lakewood LLC stating as follows:

> Records of Meek Lakewood, LLC are in self-storage units located at Publix Storage, Telegraph Road, Southfield. The owner of the storage facility has asserted a lien and overlocked at least one of the units. Mr. Shumake is therefore not in possession of the records, and the storage facility is in possession of the records.

17. In response to the request for records to show disposition of $300,000.00 in insurance proceeds during 2012 the Debtor represented:

> <u>Records of life insurance proceeds</u>. Mr. Shumake did not maintain records of the use of the life insurance proceeds. He is not aware of any other person who might have such records.

18. As to the records pertaining to $50,000.00 in charitable contributions the response was:

> <u>Charitable contributions 2010 to date.</u> Some would be shown in credit-card statements, but Mr. Shumake has not retained those records.

19. Despite requests by the Trustee to provide information regarding what credit cards were used for the donations described in Paragraph 18 of this Complaint, no information has been provided to assist the Trustee in making the records requests to the applicable credit card companies.

20. By stipulation, the Debtor agreed to assist the Trustee to obtain records including bank account records for accounts disclosed as located in the Dominican Republic and Botswana.

21. On April 12, 2013 the Debtor indicated that bank account records were ordered and regarding one of the Trustee's inquiry for credit card statements that Debtor indicated would show donations the Debtor stated: "The debtor's duty to cooperate with the trustee does not make him the trustee's secretary."

22. By April 25, 2013 the Debtor indicated: "Mr. Shumake expects to have the Botswana bank records soon. The Dominican Republic records may take longer."

23. Eventually the Debtor provided records of the Botswana account for two months post-petition.

24. The Trustee inquired in response to the April 25, 2013 email as to an estimated date on delivery of the bank account records and identification of what credit cards were used for donations.

25. As of the date of this Complaint no response has been provided except that the Debtor has provided an April 30, 2013 bank statement for his account located in Botswana.

**Third Party Discovery**

26. The Trustee subsequently uncovered the existence of a bank account through third party discovery at Bank of America for Second Life, LLC (the "Second Life Bank Account") and subpoenaed records from Bank of America. The records show disposition of more than $700,000.00 over the course of 2012. The Debtor testified at a Bankr. R. 2004 examination that a $300,000.00 deposit to this account was the life insurance proceeds listed in his SOFA. The Debtor testified that he did not know or did

not recall the source of the additional $400,000.00 lump sum that was deposited into the account.

27. The Plaintiff discovered that the $30,000.00 he indicated was donated to Solid Rock Assembly of God was actually gifted to his brother Nehru and his sister in law Dorcas Shumake in a joint check from the Second Life Bank Account.

28. Third party discovery also revealed that the Debtor made a loan to Music Hall Center for Performing Arts ("Music Hall") prepetition out of the proceeds held in the Second Life, LLC Bank of America Account. The Debtor directly received loan repayments from Music Hall totaling $18,100.00 post-petition that the Debtor failed to turn over to the Trustee. The Debtor further failed to disclose his interest in loan repayment proceeds.

**Ongoing Omissions**

29. The Debtor has not made any amendments to his schedules or statements to properly disclose the deposit of life insurance proceeds in the Second Life Bank Account.

30. The Debtor has not made any amendments to his schedules or statements to properly disclose an account receivable due from Music Hall.

31. The Debtor has failed to provide any further detail regarding the source of the $400,000.00 deposit into the Second Life Bank Account.

**COUNT I DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3)**

The Trustee restates and incorporates paragraphs 1 through 31 above and says:

32. 11 U.S.C. §727(a)(3) says:

> The court shall grant the debtor a discharge, unless — the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

33. In this matter Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information as follows:

   a. The Debtor failed to voluntarily provide records to reflect disposition in $300,000.00 of life insurance proceeds during 2012,

   b. The Debtor has failed to provide information or records reflecting the source of a $400,000.00 deposit to the Second Life Bank Account.

   c. The Debtor has failed to deliver bank account records to ascertain his financial condition and transactions for 2011 and 2012,

   d. The Debtor failed to voluntarily provide records to confirm disposition of $50,000.00 in charitable contributions and has failed to identify individuals who may have received $20,000.00 of the $50,000.00 in charitable contributions,

   e. The Debtor has failed to preserve records of his businesses and in particular records for Meek Lakewood, LLC.

   f. The Debtor has allowed the records pertaining to his financial affairs and business interests to be lost or destroyed.

34. These records are necessary to ascertain Debtor's financial condition or business transactions and Debtor's failure to maintain or produce the records is unjustified.

WHEREFORE the Trustee prays for entry of a judgment against the Debtor and in the Trustee's favor for denial of Debtor's bankruptcy discharge and for all other relief the court deems appropriate under the circumstances.

**COUNT II DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(4)**

The Trustee restates and incorporates paragraphs 1 through 34 above and says:

35. 11 U.S.C. §727(a)(4) states:

The court shall grant the debtor a discharge, unless — the debtor knowingly and fraudulently, in or in connection with the case—

**(A)** made a false oath or account;

* * * *

**(C)** gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

**(D)** withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

36. The Debtor made a false oath where he failed to disclose his interest in the Music Hall receivable of $18,100.00.

37. The Debtor made a false oath where he failed to properly disclose the disposition of $30,000.00 to his brother and sister in law rather than to Sacred Rock Assembly of God church.

38. The Debtor made a false oath or account where he failed to disclose the deposit of his income of $300,000.00 in life insurance proceeds to the Second Life Bank Account rather than to a personal account.

39. The Debtor obtained property of the estate that he failed to turn over to the Trustee when he accepted loan repayments of $18,100.00 from Music Hall post-petition.

40. The Debtor has knowingly and fraudulently withheld information regarding his financial affairs from the bankruptcy estate.

WHEREFORE the Trustee prays for entry of a judgment against the Debtor and in the Trustee's favor for denial of Debtor's bankruptcy discharge and for all other relief the court deems appropriate under the circumstances..

**COUNT III DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(5)**

The Trustee restates and incorporates paragraphs 1 through 40 above and says:

41. 11 U.S.C. §727(a)(5) states:

> The court shall grant the debtor a discharge, unless — the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

42. The Debtor failed to produce records to explain satisfactorily the disposition of $350,000.00 during 2012. The Debtor has further failed to satisfactorily explain the source of an additional $400,000.00 received by Second Life, LLC during 2012.

43. The Debtor failed to produce bank account records to explain satisfactorily the deficiency of assets to meet his liabilities.

44. The Debtor has failed to produce business records to explain satisfactorily the deficiency of assets to meet his liabilities.

WHEREFORE the Trustee prays for entry of a judgment against the Debtor and in the Trustee's favor for denial of Debtor's bankruptcy discharge and for all other relief the court deems appropriate under the circumstances..

Dated: January 27, 2015  /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Attorney for the Trustee
Law Offices of Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kclayson@schneidermiller.com